IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

| | |
|---|---|
| Teri Robert, | : |
|               Plaintiff, | : |
| v. | : Civil Action No.: 6:13-29857 |
| Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive, | : **Jury Trial Demanded** |
|               Defendants. | : |

# COMPLAINT

For this Complaint, the Plaintiff, Teri Robert, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, *et seq.* ("WVCCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Teri Robert ("Plaintiff"), is an adult individual residing in Washington, West Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, L.L.C. ("PRA"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by PRA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PRA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to PRA for collection, or PRA was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. PRA Engages in Harassment and Abusive Tactics**

12. Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt by placing calls daily to both Plaintiff's cellular and residential telephones.

13. The calls from Defendants originated from the following telephone numbers, including but not limited to, (443) 313-XXXX.

14. At all times mentioned herein, Defendants contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

15. Plaintiff never provided her express consent to Creditor or Defendants to be contacted on her cellular phone.

16. When answering Defendants' ATDS calls on her cellular telephone, Plaintiff heard a pre-recorded message.

17. When Plaintiff was able to speak with a live representative from Defendants, Plaintiff disputed the debt, stated that she had already paid off the debt, and informed the Defendants that the Debt was beyond the statue of limitations.

18. The Defendants did not inform the Plaintiff that the alleged Debt was beyond the applicable statute of limitations, and, as such, misrepresented the nature and character of the alleged Debt.

19. As such, during the initial conversation and all those thereafter, Plaintiff informed Defendants that she would not satisfy the Debt.

20. Accordingly, Plaintiff requested that Defendants cease all calls to her phone numbers regarding the Debt.

21.     Despite such requests, Defendants continued to place numerous calls to Plaintiff in their attempt to collect the Debt, even though the Defendants knew that Plaintiff had no intention of satisfying the alleged Debt.

22.     The Defendants also threatened to continue to place daily calls to the Plaintiff unless she paid off the alleged Debt.

### C. Plaintiff Suffered Actual Damages

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code § 46A-1-101, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiff is a "consumer" as defined by W. Va. Code §§ 46A-1-102(12) and 46A-2-122(a).

35. The Defendants are "debt collectors" as defined by W. Va. Code § 46A-2-122(d).

36. The Defendants are "creditors" as defined by W. Va. Code S 46A-5-101(1) and as construed by the Supreme Court of Appeals of West Virginia in *Barr v. NCB Management Services Inc.*, 711 S.E.2d 577 (W. Va. 2011). The Defendants are, therefore, liable for each of the following violations of the West Virginia Consumer Credit and Protection Act.

37. By violating provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., Defendants' violated West Virginia Consumer Credit and Protection act pursuant to W. Va. Code § 46A-2-124(f).

38. The Defendants' conduct violated W. Va. Code § 46A-2-125 in that Defendants unreasonably oppressed or abused Plaintiff in connection with the collection of the Debt.

39. The Defendants' conduct violated W. Va. Code § 46A-2-125(d) in that Defendants caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten the Plaintiff.

40. The Defendants' conduct violated W. Va. Code § 46A-2-127 in that Defendants used fraudulent, deceptive or misleading representation or means to collect or attempt to collect the Debt.

41. The Defendants' conduct violated W. Va. Code § 46A-2-127(a) in that Defendants used a business, company or organization name other than their true name.

42. The Defendants' conduct violated W. Va. Code § 46A-2-127(d) in that Defendants falsely represented or implied the character, extent or amount of the Debt, or its status in any legal proceeding.

43. The Defendants' conduct violated W. Va. Code § 46A-2-127(d) in that Defendants falsely represented or implied the character, extent or amount of the Debt, or its status in any legal proceeding.

44. The Defendants' conduct violated W. Va. Code § 46A-2-128 in that Defendants used unfair or unconscionable means to collect the Debt.

45. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the WVCCPA, including every one of the above-cited provisions.

46. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

49. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

50. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Statutory damages of between $100.00 and $1,000.00 for each violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code S 46A-

      1-101, et seq., pursuant to W. Va. Code S 46A-5-101(1);

5. Costs of litigation and reasonable attorney's fees pursuant to W. Va. Code, § 46A-5-104 against the Defendants;

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 22, 2013

        Respectfully submitted,

        By   /s/ Brian J. Headley

        Brian J. Headley, Attorney at Law
        West Virginia Bar No. 9667
        145 Historic Drive
        Mount Pleasant, SC 29464
        Telephone: (855) 301-2100 Ext. 5532
        Facsimile: (888) 953-6237
        bjheadley@yahoo.com
        bheadley@lemberglaw.com

        <u>Of Counsel To</u>
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (888) 953-6237
        Attorneys for Plaintiff