# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | No. 11-md-02295-JAH-BGS<br><br>Member cases:<br>    All member cases<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On April 25, 2016, Plaintiffs Jeremy Frydman, John Howard, Sam Marin, Jesse Meyer, Fred Jury, and Danny Allen (collectively, "Plaintiffs") and Defendants Portfolio Recovery Associates, LLC and PRA Group, Inc. f/k/a Portfolio Recovery Associates, Inc. (collectively "PRA") entered into a Stipulation and Agreement of Settlement ("Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. On April 25, 2016, 2016, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion"). On June 23, 2016, upon consideration of the Agreement, the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On October 6, 2016, Plaintiffs filed their Motion for Attorneys' Fees, Costs and Incentive Payments. On October 6, 2016, Plaintiffs filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval

Motion"). Pursuant to their Final Approval Motion, Plaintiffs request final certification of the settlement class under Federal Rule 23(b)(3) and final approval of the proposed class action settlement.

On December 5, 2016, a Final Approval Hearing was held pursuant to Federal Rule 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement, the Final Approval Motion, any objections filed, the record and arguments by counsel.

In conjunction with the findings and ruling issued on the record, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

I. <u>TERMS INCORPORATED</u>: The Agreement and all definitions set forth therein are hereby incorporated with and made part of this Order Granting Approval of Class Action Settlement ("Final Approval Order").

II. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling Parties thereto including, without limitation, the Class Members.

III. <u>CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members:

> All natural persons residing in the United States who received one or more telephone calls from an autodialer or a predictive dialer operated by Defendants to such person's cellular telephone number between December 23, 2006 and July 1, 2013, inclusive, and who are listed in the csv data file titled pra_outbound_dial_list_20140304.zip produced to Plaintiffs' counsel.

Excluded from the Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Class.

IV.     <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator has complied with the approved Notice process as confirmed in its declaration filed with the Court. The Court finds that both the direct mail notice and the publication notice were the best practicable means to provide notice under the circumstances, were reasonably calculated to apprise the Class Members of the pendency of this action and the terms of the proposed settlement, and satisfied the due process requirements of the Constitution of the United States, Rule 23(c)(2) of the Federal Rules of Civil Procedure, and any other applicable laws. The Court also finds that the notice required by the Class Action Fairness Act has been satisfied.

VI.     <u>FINAL CLASS CERTIFICATION</u>: The Court finds that the defined Class satisfies, for settlement purpose only, the applicable prerequisites for class action treatment under Fed. R.Civ. P. 23. Namely:

   1) The Class members are so numerous that joinder of all of them in the Action would be impracticable;

   2) There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

   3) The claims of Plaintiffs are typical of the claims of the Settlement Class members;

   4) The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

   5) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

VII.    <u>THE SETTLEMENT IS FAIR AND REASONABLE</u>: The Court finds that the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best

interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk of obtaining and collecting any judgment obtained on behalf of the putative class and, the risk and delay inherent in possible appeals. The Parties and the Settlement Administrator are ordered to adminster and consummate the settlement in accordance with the terms of the Agreement.

VIII. ADMINISTRATION OF THE SETTLEMENT FUND: The Court orders the Settlement Administrator to distribute the money in the Settlement Fund consistent with the provisions of the Agreement, and to maintain the Settlement Fund until all such money has been so distributed.

IX. EXCLUSIONS AND OBJECTIONS: This Final Approval Order applies to all Released Claims against all Released Parties settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion. Those persons requesting exclusion are identified on Exhibit A to this Order. In addition, the Court hereby excludes these persons, and Geoff G. Heusohn, Victor Malliaros, Robin Rice and Edward Hagood from the Class and Settlement Class.

After consideration of each of the objections received, the Court hereby overrules them for the reasons discussed during the hearing.

X. ATTORNEYS' FEES

The requests for attorneys' fees are addressed in a separate order.

XI. INCENTIVE AWARDS

The motion for incentive awards is addressed in a separate order.

XII. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT: The Class Representatives, Class Members, and their successors, heirs, executors, predecessors, and assigns are permanently barred and enjoined from instituting or prosecuting,

either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Agreement, the Released Claims released specifically extend to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of the Effective Date. Plaintiffs and each Settlement Class Member shall be deemed to understand and acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Agreement, but that they fully, finally and forever release all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery of rexistence of any such additional or different facts. The Parties acknowledge that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Agreement. The Court dismisses each such Released Claim with prejudice.

XI.   JUDGMENT: This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. This action, including all claims asserted herein, is hereby dismissed with prejudice in all respects. Without affecting the finality of this Final Approval Order, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Agreement and this order and judgment, and any distributions or dispersements of or from the Settlement Fund.

DATED:   January 23, 2017

_____
JOHN A. HOUSTON
United States District Judge